IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARIE C. MOFFATT,**<br>            **Plaintiff,**<br><br>            v.<br><br>**WAZANA BROTHERS**<br>**INTERNATIONAL, doing business as**<br>**"MICRO SOLUTIONS ENTERPRISES,"**<br>            **Defendant.** | **CIVIL ACTION**<br><br><br><br>**NO.  14-1881** |

**DuBois, J.**                                                                                              **October 23, 2014**

# M E M O R A N D U M

## I.     INTRODUCTION

The parties have requested the Court's assistance in resolving a discovery dispute. The dispute centers on defendant's refusal to produce an unredacted copy of an email dated September 25, 2012, authored by the Chief Financial Officer ("CFO") of defendant Wazana Brothers International. Defendant contends that the redacted portion of the email is protected by the attorney-client privilege. Plaintiff argues that no attorneys were participants in the email, and therefore the communication should not be protected from discovery.

For the reasons that follow, the Court denies plaintiff's request for production of the redacted portion of the email.

## II.    BACKGROUND

This is an employment discrimination case in which plaintiff Marie Moffatt claims that termination of her employment by defendant was based on gender and age discrimination and retaliation. The parties asked the Court to review <u>in camera</u> an email dated September 25, 2012, authored by the CFO of defendant corporation and sent to defendant's President and Chief

Executive Officer ("CEO").[1]  The redacted portion of the email relays the advice of corporate counsel provided to the CFO and the Human Resources Manager ("HR Manager") regarding the termination and severance of plaintiff.

The question presented is whether the redacted portion of the email is protected from discovery under the attorney-client privilege.

### III.  DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) provides generally that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R .Civ. P. 26(b)(1).  As the party claiming a privilege, defendant has the burden of establishing that a privilege applies.  Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 138 (3d Cir. 2000).

"The 'privilege protects from disclosure confidential communications made between attorneys and clients for the purpose of obtaining or providing legal assistance to the client.'" In re Grand Jury Subpoena, 745 F.3d 681, 687 (3d Cir. 2014) (citing In re Grand Jury, 705 F.3d 133, 151 (3d Cir. 2012)).  In order for the attorney-client privilege to attach, the particular communication "must be (1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." In re Chevron Corporation, 650 F.3d 276, 289 (3d Cir. 2011) (internal quotations omitted).

The redacted portion of the September 25, 2012 email concerns information provided by defendant's CFO and HR Manager in seeking legal advice from corporate counsel and her legal advice.  That, without more, leads to the conclusion that the email is protected from discovery under the attorney-client privilege.  The primary legal question presented is whether the attorney-

---

[1] Defendant's Human Resources Manager ("HR Manager") was also copied on the email.

client privilege that attached to that communication was waived when the CFO relayed counsel's legal advice to defendant's President and CEO. The Court concludes that no such waiver occurred.

While "[c]ommunications between attorney and client are not privileged if made in the presence of or communicated to third parties," Barr Marine Products, Co. v. Borg-Warner Corp., 84 F.R.D. 631, 634 (E.D. Pa. 1979), the "intra corporate distribution of legal advice received from counsel does not vitiate the privilege. . . ." Baltimore Scrap Corp. v. David J. Joseph Co., No. L-96-827, 1996 WL 72078, at *6 (D. Md. Nov. 20, 1996). This exception stems from the "recognition that since the decision-making power over the corporate client may be diffused among several employees, the dissemination of confidential communications to such persons does not defeat the privilege." Id. (internal quotations omitted).

In the corporate context, the attorney-client privilege may be waived "if the communications are disclosed to employees who did not need access to them." Cottillion v. United Ref. Co., 279 F.R.D. 290, 298 (W.D. Pa. 2011) (citing SmithKline Beecham Corp. v. Apotex Corp., 232 F.R.D. 467, 476 (E.D. Pa. 2005)). "This waiver applies only 'when the communications are relayed to those who do not need the information to carry out their work or make effective decisions on the part of the company.'" Id. (quoting Andritz Sprout–Bauer, Inc. v. Beazer East, Inc., 174 F.R.D. 609, 633 (M.D. Pa. 1997)).

Courts have consistently held that communications relaying legal advice provided by corporate counsel among nonattorney corporate employees who share responsibility "for the subject matter underlying the consultation" are privileged. SCM Corp. v. Xerox Corp., 70 F.R.D. 508, 518 (D. Conn. 1976) (communications among corporate executives were privileged, including conversation concerning counsel's recommendation about patent licensing policy and

antitrust implications and conversation concerning legal advice about the scope of patent coverage); see also A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co., No. 3:07CV929 WWE, 2013 WL 6044342, at *4 (D. Conn. Nov. 14, 2013) (concluding that redactions on documents reflected discussions of legal advice among company employees and thus were protected by attorney-client privilege); Med. Protective Co. v. Bubenik, No. 4:06CV01639 ERW, 2007 WL 3026939, at *2 (E.D. Mo. Oct. 15, 2007) ("[T]hose documents which contain communications between corporate representatives who are non-lawyers, regarding advice received from an attorney, are subject to the attorney-client privilege."); Baltimore Scrap Corp., 1996 WL 720785, at *6 (holding that attorney-client privilege attached to a memorandum that principally recapitulated counsel's legal advice regarding the company's antitrust liability, even though the author and recipient were not lawyers, and finding that the author was merely acting as a "conduit for passing of legal advice" from the attorney to members of the company who could act on the advice) (emphasis added); Illinois Tool Works, Inc. v. KL Spring & Stamping Corp., 29 Fed. R. Serv. 2d 165, at *2 (N.D. Ill. 1980) (interoffice memoranda circulated between officers of a corporation communicating legal advice provided by corporate counsel were privileged).

The facts pertinent to a discovery dispute in In re Grand Jury 90–1 are particularly analogous to those present in this case. 758 F. Supp. 1411 (D. Colo. 1991). In In re Grand Jury 90–1, outside corporate counsel had offered legal advice to the president of its client, which the president then relayed to the corporation's board of directors by letter. Id. at 1413. The court reasoned that because the client was the corporation, and not the president himself, the president, in relaying corporate counsel's advice to the board, "was merely making advice available to

another part of this inanimate entity." Id.  Thus, the court held that the letter disclosing counsel's legal advice was privileged.  Id.

In this case, just as in In re Grand Jury 90-1, corporate counsel gave legal advice to high ranking members of her corporate client, Wazana Brothers International.  Those members proceeded to disclose that legal advice to the company CEO and President.  Based on a review of the unredacted email, the Court concludes that the recipients "needed to know" the content of the communication in order to "make informed decisions concerning. . . the subject matter of the communication[,]" the termination and severance of plaintiff.  Scholtisek v. Eldre Corp., 441 F. Supp. 2d 459, 464 (W.D.N.Y. 2006).  It is clear that the requisite respect for confidentiality was given to the email as it was only sent to the President and CEO of defendant corporation.[2]  See Baltimore Scrap Corp., 1996 WL 720785, at *6.  Thus, the email's disclosure of confidential communications with corporate counsel to defendant's President and CEO did not vitiate the attorney-client privilege.

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes that the redacted portion of the September 25, 2012 email is protected from discovery under the attorney-client privilege.

An appropriate order follows.

---

[2] Although defendant's HR Manager was copied on the email, she was privy to the original conversation with corporate counsel.